UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

In Re:                                    )    CASE NO: 08-01151-dd
                                          )
JOHN G. CALHOUN                           )    CHAPTER 7
GLENDA R. CALHOUN                         )
                         Debtors.         )
                                          )

_____

DEBTORS' MOTION TO RECONSIDER,
TO GRANT RELIEF FROM ORDER,
TO AMEND FINDINGS OF FACT OR
TO MAKE ADDITIONAL FINDINGS OF FACT
AND REQUEST TO BE HEARD

The debtors, by counsel, hereby move this Court pursuant to FRBP 7052, making applicable FRCP 52, to amend findings of fact and to make additional findings of fact in the Order entered November 12, 2008. The debtors request this Court to reconsider the findings of fact set forth in the Order entered November 12, 2008.

The debtors believe that the testimony at the hearing and the evidence before the Court permit this Court to find the following facts or to amend findings of fact as listed below:

1.    The Order at page 5, item 15 finds that the debtors did not get behind in household expenses. The debtors testified that they were not able to make tax payments

and were not able to make repairs to their heating and air conditioning system.

2. The opinion at page 10 finds that the debtors spent $130,000.00 on home renovations. The debtors testified that the home renovations were not completely financed but were paid with sale of certain other assets. The renovations were to update the home that they could not sell. The renovations did not contribute to the unsecured debt total.

3. The opinion at page 10 concludes that the budget is excessive. The debtors' budget is below the amounts allowed by the means test calculation under the guidelines dated February 1, 2008. The United States Trustee did not object to the debtors' calculations in Form B22A. Debtors' budget on Schedule J is $150.00 per month below the figure on B22A based upon the guideline in effect at the time of filing. The guidelines currently in effect would result in the debtors' budget being $265.00 per month below what B22A would reflect using current guidelines. Debtors' budget is $314.00 per month below average annual expenditures as determined by the Census Bureau 2006 statistics.

4. The opinion at page 10 concludes that the second life insurance policy is unnecessary. The debtors testified

that the policy is a term policy that expires in 7 years, leaving Glenda Calhoun a substantial life expectancy without the benefit of insurance to meet inflation. Mr. Calhoun is unable to purchase replacement coverage at a later date due to health status.

5.    The Order at pages 10 and 11 concludes that the transportation expenses are not justified in light of their retired status. Mr. Calhoun testified that he volunteers daily at his church and at his local credit union.

6.    The Order at page 11 concludes that the Internal Revenue Service payment will be concluded within 12 months. The debtors testified that income taxes are withheld at only a minimal amount and that each year the tax liability will accrue. This expense will be recurring.

7.    The Order at page 11 concludes that the increase in family expenses is speculative. The expenses on Schedule J are the result of analysis of actual expenditures based upon bank statements provided to the United States Trustee. The Court held that Mr. Calhoun's Social Security will increase with inflation but the expenses of the debtors will also increase and the increased Social Security will not match the total dollar increase in expenses. The debtors testified that they researched the

rate of inflation and accounted for the average rate in their projections.

8. The Order at page 10 concluded that the filing was not due to a calamity. The debtors testified that Mr. Calhoun lost his retirement savings in the approximate amount of $450,000.00. This loss of asset value is a calamity giving rise to this filing.

9. The Order at page 11 concludes that the expenses of the debtors must be overstated because they did not fall behind in living expenses. The debtors testified that they did not make payments on their income tax debt and did not have sufficient funds to make heating and air conditioning repairs.

10. The debtors testified that they tried to make repayment arrangements with their creditors but were denied repayment terms because the payments were current at the time of the request. The creditors suggested that the debtors seek a debt management plan through Clearpoint.

11. After trial in this matter, the debtors determined that their health insurance expense will increase to $442.00 per month beginning April 1, 2009. The debtors' budget billing from the electric company has been increased to $343.00 per month due to a rate increase and not due to increased usage.

The debtors believe that the testimony at the trial, the evidence before the Court, FRBP 7052 and FRCP 52 provide a basis for the relief requested and the debtors respectfully request this Court to be heard on the issues raised in this motion and respectfully request the Court to amend the Court's findings of fact or to make additional findings of fact.

Respectfully submitted.

/s/ Joseph E. Mitchell, III
Joseph E. Mitchell, III
District Court ID No. 6115
Attorney for the Debtors

Joseph E. Mitchell, III, P.C.
Post Office Box 2504
Augusta, GA 30903
(706) 826-1808

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In Re: | ) | CASE NO: 08-01151-dd |
| JOHN G. CALHOUN | ) | |
| GLENDA R. CALHOUN | ) | CHAPTER 7 |
| Debtors. | ) | |
| | ) | |
| _____ | ) | |

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT I HAVE THIS DAY SERVED UPON THE FOLLOWING A COPY OF THE WITHIN AND FOREGOING <u>DEBTORS' MOTION TO RECONSIDER AND REQUEST TO BE HEARD</u> VIA ELECTRONIC TRANSMISSION.


Joseph F. Buzhardt, III, Esquire
United States Trustee



Robert F. Anderson, Esquire
Chapter 7 Trustee



Date: 11/20/08




/s/ Joseph E. Mitchell, III
Joseph E. Mitchell, III
District Court ID No. 6115
Attorney for the Debtors


Joseph E. Mitchell, III, P.C.
Post Office Box 2504
Augusta, GA 30903
(706) 826-1808